PLAINTIFF'S EXHIBIT 1

IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| TINA MANSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 19SF-CC00123 |
| V. | ) |
| | ) Division No. 1 |
| ST. FRANCOIS COUNTY, MISSOURI, | ) |
| | ) JURY TRIAL DEMANDED |
| and | ) |
| | ) |
| OFFICER STEVE ROBINSON, individually and in his official capacity, | ) |
| | ) |
| and | ) |
| | ) |
| OFFICER BETHANY ZARCONE, individually and in her official capacity, | ) |
| | ) |
| and | ) |
| | ) |
| DANIEL BULLOCK, individually and in his official capacity, **Serve at:** St. Francois County Annex Building 1 West Liberty Street Farmington, Missouri 63640 | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED PETITION

COMES NOW Plaintiff Tina Manser ("Plaintiff"), by and through undersigned counsel, and for her Petition, states to this Honorable Court as follows:

### NATURE OF THE ACTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 concerning the actions of officers of the jail and sheriff's department of Defendant St. Francois County in subjecting Plaintiff to the use of excessive force, cruel and unusual punishment, and failing to provide Plaintiff

- 1 -

**PLAINTIFF'S EXHIBIT 1**

adequate medical care, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The actions and conduct of the Defendants are the result of a policy, practice, custom, and deliberate indifference on the part of Defendant St. Francois County, Missouri.

## PARTIES

2. Plaintiff is a female citizen of the State of Missouri who, at all times relevant to this action, was a pretrial detainee at the St. Francois County jail.

3. Defendant St. Francois County, Missouri ("Defendant St. Francois") is a governmental entity in the State of Missouri and owns, operates, manages, directs, and controls the St. Francois County Sheriff's Department and the St. Francois County jail, which employs Defendants Officer Robinson, Officer Zarcone, and Daniel Bullock.

4. Defendant Officer Steve Robinson (hereinafter sometimes referred to as "Defendant Robinson") is and was at all times relevant to this Petition employed by the jail and sheriff's department for Defendant St. Francois. He is sued both in his individual and official capacity.

5. Defendant Officer Bethany Zarcone (hereinafter sometimes referred to as "Defendant Zarcone") is and was at all times relevant to this Petition employed by the jail and sheriff's department for Defendant St. Francois. She is sued both in her individual and official capacity.

6. Defendant Daniel Bullock ("Defendant Bullock") is and was at all times relevant to this Petition the sheriff of St. Francois County. In his capacity as sheriff, Plaintiff is under information and belief that Defendant Bullock was the jail administrator responsible for establishing jail policies and procedures, as well as overseeing the training and conduct of Defendant St. Francois' jailers. He is sued both in his individual and official capacity.

7. At all times relevant to this Petition, Defendants Robinson, Zarcone, and Bullock acted under color of state law prescribed to them.

**PLAINTIFF'S EXHIBIT 1**

## JURISDICTION AND VENUE

8. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

9. Jurisdiction and venue are proper in St. Francois County, State of Missouri pursuant to RSMo. § 508.010 and 42 U.S.C. § 1983.

10. Plaintiff's cause of action arises out of conduct that took place in St. Francois County, State of Missouri.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

12. At all times relevant to this action, Plaintiff was pretrial detainee in the St. Francois County jail.

13. On or about August 11, 2015, while confined in the St. Francois County, Missouri jail, Plaintiff began to experience severe seizures, which she continued experiencing throughout the night.

14. Alarmed at the sight of Plaintiff's seizures, Plaintiff's cellmate, Renee Melvin ("Melvin") began calling for help and slamming on the door of their cell in an attempt to gain some medical attention for Plaintiff.

15. Plaintiff is under information and belief that, after hearing Melvin's cries for assistance, several other inmates in the surrounding cells also began calling for help on Plaintiff's behalf.

16. At no time during the night and early morning of August 11 to August 12, 2015 did any officers or employees of the jail respond to the cries for help on behalf of Plaintiff, nor did they seek medical attention for Plaintiff.

**PLAINTIFF'S EXHIBIT 1**

17. At some point during Plaintiff's seizing episodes, Plaintiff lost consciousness and urinated all over herself.

18. On or about the morning of August 12, 2015, the inmates were released from their cells to receive breakfast.

19. At that point, Plaintiff was still unconscious and covered in her own urine. Thus, several inmates helped Plaintiff out of her cell, cleaned the urine off Plaintiff, and changed Plaintiff's clothes. After doing the foregoing, the inmates laid Plaintiff on her designated mat, which was located directly outside Plaintiff's cell.

20. On or about the morning of August 12, 2015, Defendants Robinson and Zarcone were in charge of serving the inmates.

21. Upon unlocking the doors to serve breakfast, Defendants Robinson and Zarcone were informed that Plaintiff was currently unable to walk down the stairs to retrieve her breakfast. As such, Defendants Robinson and Zarcone walked up the stairs and found Plaintiff laying on her mat.

22. After finding Plaintiff on her mat, Defendant Zarcone began spraying mace on Plaintiff's mat. At this time, Plaintiff was still unresponsive.

23. Defendant Zarcone then began spraying an excessive amount of mace on Plaintiff's face. Still, Plaintiff was unresponsive.

24. Shortly thereafter, Defendants Robinson and Zarcone each grabbed one of Plaintiff's arms, picked Plaintiff up, and began dragging Plaintiff to the stairs.

25. Upon reaching the stairs, Defendants Robinson and Zarcone forcefully dropped Plaintiff on the ground.

26. After dropping her on the ground, Defendant Robinson kicked Plaintiff in the head,

**PLAINTIFF'S EXHIBIT 1**

causing Plaintiff's head to slam into the metal railing lining the stairs.

27. Defendants Robinson and Zarcone then picked Plaintiff up once more and dragged her down the stairs, and, upon arriving at the bottom of the stairs, dropped Plaintiff to the floor and began spray mace on Plaintiff's face once again.

28. Once they finished spraying Plaintiff with mace, Defendants Robinson and Zarcone picked Plaintiff up and dragged her to a "hold over tank," where she was left to lie unresponsive and unconscious for a substantial period of time.

29. Plaintiff was eventually woken up by a nurse, who transported Plaintiff to one of the jail's doctors. Plaintiff was briefly seen by the doctor, who did nothing in regard to Plaintiff's seizures or injuries sustained in the course of Defendants Robinson and Zarcone's physical abuse of Plaintiff.

30. Following her brief doctor's visit, Plaintiff was taken to a cell referred to as the "hole" by other inmates. While in the "hole," Plaintiff was confined to her cell for twenty-three (23) hours per day.

31. Plaintiff is under information and belief that she was in the "hole" for approximately thirty (30) days. During this time period, Plaintiff did not receive any medical attention. The only assistance Plaintiff received was through her cell mate, who fed Plaintiff, made sure Plaintiff was ingesting a sufficient amount of fluids, and helped Plaintiff take showers.

32. During Plaintiff's stay in the "hole," Plaintiff suffered from vomiting, inability to stand under her own power, and severe memory loss. However, as previously stated, Plaintiff received no medical attention during this time.

33. After being released from the "hole," Plaintiff was able to get in touch with her daughter via telephone. At that time, Plaintiff's daughter informed her that she and Plaintiff's other children

**PLAINTIFF'S EXHIBIT 1**

had been continuously attempting to get in touch with Plaintiff over the past thirty (30) days, wherein the children were told that Plaintiff was on "medical watch" and could not talk on the phone.

34. At all times relevant to this action, the conduct of Defendants was in willful, reckless, and malicious disregard to Plaintiff's rights under federal and state law.

35. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered – and continues to suffer – physical and psychological harm, pain and suffering, personal humiliation, garden variety emotional distress, and other related compensatory damages.

36. Defendants were aware or should have been aware of the constitutional risk posed by their conduct to Plaintiff.

## COUNT I:
## INADEQUATE MEDICAL TREATMENT IN VIOLATION OF THE FIFTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983
*As to all Defendants*

37. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

38. Defendants and their agents and employees, with knowledge of Plaintiff's medical needs and/or with deliberate indifference to such medical needs, have acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care, thus endangering Plaintiff's health and well-being in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

39. Defendants and their agents and employees, with knowledge of Plaintiff's medical needs and/or with deliberate indifference to such medical needs, have acted or failed to act in such manner as to prevent Plaintiff from obtaining needed medical treatment and care and/or to prevent needed medical treatment and care from reaching Plaintiff, thus endangering Plaintiff's health and

Electronically Filed - St. Francois - October 15, 2019 - 09:43 AM

**PLAINTIFF'S EXHIBIT 1**

well-being in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

40. Defendants and their agents and employees, with knowledge of Plaintiff's medical needs, have a duty under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution to provide needed medical care to inmates of the St. Francois County Jail in conformity with the standards for delivery of such medical care in the State of Missouri as a whole.

41. Defendants and their agents and employees, with knowledge of Plaintiff's medical needs and/or with deliberate indifference to such medical needs, acted or failed to act in such a way as to provide medical care to Plaintiff in conformity with the standard for delivery of such medical care in the State of Missouri as a whole and have in fact provided medical care which does not meet such standards, thus endangering Plaintiff's health and well-being in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

42. Defendants, knowing Plaintiff's medical needs, and knowing also of the inadequacies and deficiencies in the medical facilities, staffing, and procedures at St. Francois County jail, have a duty under the Fifth, Eighth, Ninth, and Fourteenth Amendments to establish and implement policies, practices, and procedures designed to assure that Plaintiff receive medical care and treatment in conformity with the standards for delivery of such medical care and treatment in the State of Missouri as a whole.

43. Defendants, knowing of the medical needs of Plaintiff, and with deliberate indifference to the inadequacies and deficiencies in the medical facilities, staffing, and procedures at St. Francois County jail, have failed and neglected to establish and implement policies, practices, and procedures designed to assure that Plaintiff receive medical treatment and care in conformity with

**PLAINTIFF'S EXHIBIT 1**

the standards in the State of Missouri as a whole, or have adopted policies, practices, and procedures which Defendants knew, or reasonably should have known, would be ineffective in delivering medical treatment and care at such standards, thus endangering Plaintiff's health and well-being in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

44. Defendants, knowing of the medical needs of Plaintiff, have a duty under the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution to instruct, supervise, and train their employees and agents to assure the delivery of medical care to Plaintiff that is consistent with the standards of medical care in the State of Missouri as a whole.

45. Defendants, knowing of the medical needs of Plaintiff or with deliberate indifference to such needs, have failed to instruct, supervise, and train their employees and agents in such a manner as to assure the delivery of medical care to Plaintiff that is consistent with the standards of medical care in the State of Missouri as a whole thus endangering Plaintiff's health and well-being in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

46. Each of the aforementioned actions and/or omissions of Defendants were intentional and/or reckless and/or negligent.

47. Each of the aforementioned actions and/or omissions of Defendants were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, and/or statutes of Defendant St. Francois and/or the St. Francois County jail.

48. Defendants are not entitled to qualified immunity for their actions.

49. Defendant St. Francois County, as a municipality, is not entitled to qualified immunity and is separately liable for the St. Francois County jail's policies, usages, customs, practices,

**PLAINTIFF'S EXHIBIT 1**

and/or Defendant Bullock's decisions as the final decision and policy maker for the St. Francois County jail have the force and effect of law.

50. As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has suffered – and continues to suffer – physical and psychological injuries, personal humiliation, pain and suffering, garden variety emotional distress, and other related compensatory damages.

51. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

52. Plaintiff is entitled to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper.

**COUNT II:**
**EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983**
*As to all Defendants*

53. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

54. The above acts and omissions of Defendants respectively constitute a deprivation of Plaintiff's constitutional entitlement to be free from the use of excessive force and cruel and unusual punishment as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

55. Defendants, despite being aware of Plaintiff's serious medical conditions, in deliberate

- 9-

Electronically Filed - St. Francois - October 15, 2019 - 09:43 AM

**PLAINTIFF'S EXHIBIT 1**

indifference, took no action to see that Plaintiff receive adequate medical treatment timely or at all.

56. Defendants' actions or omissions were in deliberate indifference to Plaintiff's serious medical needs.

57. Defendants' actions or omissions were the results of Defendant Bullock's decisions and practices as sheriff which were tantamount to official policies.

58. Furthermore, these actions and omissions were the results of Defendant Bullock's failure in hiring, training, and supervision of Defendants. Said rampant failures in hiring, retention, instruction, training, control, and/or supervision of Defendants are the results of Defendant Bullock's decisions as the chief policy and decision-maker for the St. Francois County jail, as well as the long standing usages, customs, practices, and policies of the jail.

59. Plaintiff's right to be free from the use of excessive force and cruel and unusual punishment was well established at the times any reasonable law enforcement would be aware of the standard.

60. Plaintiff's right to adequate medical care for her serious medical conditions was well established at the time such that a reasonable officer would be aware of the standard.

61. These decisions were in derogation of Plaintiff's rights and privileges protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and federal and state laws.

62. Each of the aforementioned actions and/or omissions of Defendants were intentional and/or reckless and/or negligent.

63. Each of the aforementioned actions and/or omissions of Defendants were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances,

PLAINTIFF'S EXHIBIT 1

Electronically Filed - St. Francois - October 15, 2019 - 09:43 AM

and/or statutes of Defendant St. Francois and/or the St. Francois County jail.

64. No Defendant is entitled to qualified immunity for their actions.

65. Defendant St. Francois County, as a municipality, is not entitled to qualified immunity and is separately liable for the St. Francois County jail's policies, usages, customs, practices, and/or Defendant Bullock's decisions as the final decision and policy maker for the St. Francois County jail have the force and effect of law.

66. As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has suffered – and continues to suffer – physical and psychological injuries, personal humiliation, pain and suffering, garden variety emotional distress, and other related compensatory damages.

67. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

68. Plaintiff is entitled to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper.

### COUNT III:
### FAILURE TO PROVIDE ADEQUATE TRAINING AND/OR SUPERVISION IN VIOLATION OF THE EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983
*As to Defendants Bullock and St. Francois*

69. Defendants Bullock and St. Francois were or should personally have been aware that Plaintiff faced a substantial risk of serious harm by failing to provide adequate medical treatment,

PLAINTIFF'S EXHIBIT 1

by failing to take adequate steps to ascertain Plaintiff's medical needs, and by using excessive force on a medically injured and unconscious inmate. To that end, Defendants Bullock and St. Francois would necessarily have personally known that Plaintiff faced a substantial risk of serious harm as evidenced by:

> a. Plaintiff's improper assigned to the "hole" for at least 30 days;
> b. Defendants extended period of failing to provide adequate medical care to Plaintiff;
> c. Defendants refusal to allow Plaintiff access to the outside world, including speaking with her family; and
> d. Defendants use of mace which would necessarily have resulted in reporting said use of force to Defendants Bullock and St. Francois.

70. Plaintiff is under information and belief that Defendants Bullock and St. Francois provide their jail officials with little to no training in, among other things:

> a. Recognizing the medical needs of inmates;
> b. Obtaining treatment for inmates with medical needs;
> c. Properly responding to medical emergencies; and
> d. The proper level of force to apply on inmates based on the particular circumstances of various situations that arise in the jail.

71. Additionally, Plaintiff is under information and belief that Defendants Bullock and St. Francois provided inadequate supervision of their jail officials, including all individually named Defendants, so as to ensure compliance with existing jail policies and procedures, as well as appropriate "industry standards."

72. Plaintiff is under information and belief that her situation was not the first medical emergency that jail officials either improperly responded to or used excessive force in responding to.

73. Plaintiff is under information and belief that the situation was not the first situation, in general, whereby jail officials used excessive force on an inmate.

74. As a result, additional training and/or supervision was needed with regard to the

Electronically Filed - St. Francois - October 15, 2019 - 09:43 AM

**PLAINTIFF'S EXHIBIT 1**

individually named Defendants herein to avoid the constitutional violations herein as it relates to Plaintiff.

75. Defendants Bullock and St. Francois made a deliberate choice not to provide adequate training and/or supervision over the individually named Defendants herein.

76. Moreover, as set forth herein, Defendants Bullock and St. Francois should have been aware of widespread abuse, meaning abuse that was obvious, flagrant, rampant, and of continued duration thus putting Defendants Bullock and St. Francois on notice of the need to take corrective action.

77. Plaintiff is under information and belief that Defendants response to Plaintiff's medical emergency was a violation of jail procedures and protocols, but that Defendants Bullock and St. Francois failed to make jail officials aware of said procedures and protocols or failed to properly supervise and enforce said procedures and protocols.

78. Jail officials have an obligation under both the Missouri and United States Constitutions to protect inmates.

79. Defendants violated Plaintiff's constitutional rights as set forth herein.

80. Each of the aforementioned actions and/or omissions of Defendants were intentional and/or reckless and/or negligent.

81. Each of the aforementioned actions and/or omissions of Defendants were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, and/or statutes of Defendant St. Francois and/or the St. Francois County jail.

82. No Defendant is entitled to qualified immunity for their actions.

83. Defendant St. Francois County, as a municipality, is not entitled to qualified immunity and is separately liable for the St. Francois County jail's policies, usages, customs, practices,

**PLAINTIFF'S EXHIBIT 1**

and/or Defendant Bullock's decisions as the final decision and policy maker for the St. Francois County jail have the force and effect of law.

84. As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has suffered – and continues to suffer – physical and psychological injuries, personal humiliation, pain and suffering, garden variety emotional distress, and other related compensatory damages.

85. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

86. Plaintiff is entitled to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper.

Respectfully Submitted,

**PAGE LAW, LLC**

*/s/ Anna M. Lammert*
Anna M. Lammert, Mo. Bar 64972
9930 Watson Road, Suite 100
St. Louis, Missouri 63126
Phone: (314)-835-5830
Fax: (314)-835-5850
anna@pagelaw.com